UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   16-CV-1422 |
| | ) |
| RANDY PFISTER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it A(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.@

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se, and currently incarcerated at the Pontiac Correctional Center, was granted leave to proceed *in forma pauperis*. The plaintiff has submitted a complaint that contains more than 300 pages of documents. The body of the complaint itself starts on page 249 and consists of a detailed 45-page account of interactions he had with prison officials from January 2015 through February 2016. The remaining documents are medical records, copies of grievances, and other correspondence. The plaintiff alleges a litany of unrelated claims against 32 defendants, including deliberate indifference to a serious medical need, excessive force, failure to protect, access-to-the-courts, retaliation, calculated harassment, religion, and other conditions-of-confinement claims.

The plaintiff's complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires that complaints contain Aa short and plain" statement of the facts. As

currently drafted, the plaintiff intermingles several different claims among multiple defendants in such a manner that it would make responding to the complaint difficult. The claims asserted involve different legal standards and each would like require separate attempts to exhaust administrative remedies. A plaintiff "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, "unrelated claims against different defendants belong in different suits" to prevent confusion and ensure compliance with the Prisoner Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's complaint is dismissed, with leave to file an amended complaint within (30) days that specifically addresses a single constitutional violation against a certain individual or individuals. Plaintiff's complaint must be a short and plain statement of his claims and must not join unrelated defendants and unrelated claims. *See Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011); *see also*, *George*, 507 F.3d at 607.

The plaintiff filed a motion for immediate preliminary injunction or temporary restraining order but doesn't make any specific allegations, just includes a draft order to show cause and a volume of exhibits. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *W.A. Mack v. General Motors Corp.*, 260 F.2d 886, 890 (7th Cir. 1958)(holding that mandatory injunctions are very rarely issued except on the clearest equitable grounds). Plaintiff's motion (#6) is denied. The plaintiff has also filed an untitled motion, which appears to be just a "notice" of more retaliatory conduct and requests no specific relief. Plaintiff's motion (#8) is also denied.

IT IS THEREFORE ORDERED that:

1. The plaintiff's complaint is hereby dismissed with leave to plead over. The plaintiff may file an amended complaint, within thirty (30) days of this order, plainly stating how his constitutional rights were violated and who was involved in the alleged deprivation. If the plaintiff fails to file an amended complaint or follow the court's specific instructions, as outlined above, his case may be dismissed.

2. The clerk is directed to provide the plaintiff with a blank complaint form to assist him.

3. Plaintiff's motions (#6) and (#8) are DENIED.

ENTERED this 16th day of December, 2016.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE